IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AMBER O.,

        Plaintiff,

v.

COMMISSIONER, Social Security
Administration,

        Defendant.

Case No. 3:18-cv-01782-SU

**OPINION
AND ORDER**

SULLIVAN, United States Magistrate Judge:

    Plaintiff Amber O.[1] brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her Supplemental Security Income ("SSI") under Title

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of non-government parties and their immediate family members.

Page 1 – OPINION AND ORDER

XVI of the Act. 42 U.S.C. § 1381 *et seq*. Plaintiff asserts one error: that the Administrative Law Judge ("ALJ") relied on testimony from the Vocational Expert ("VE") that conflicted with the *Dictionary of Occupational Titles* ("*DOT*"), without explaining this inconsistency. In response, "[t]he Commissioner does not dispute that the record reveals unexplained inconsistencies between the VE testimony and the [*DOT*]," but argues that these inconsistencies are immaterial and "do not support remand because the Medical-Vocational Guidelines apply and show that Plaintiff is not disabled." Def. Br., at 2 (Docket No. 15). For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further administrative proceedings.

## PROCEDURAL BACKGROUND

On June 11, 2015, plaintiff filed an application for SSI, with a protective filing date of May 1, 2015, and alleging a disability onset of May 1, 2015. Tr. 15, 146.[2] Her claim was denied initially on September 10, 2015, and upon reconsideration on December 29, 2015. Tr. 83, 90. On February 3, 2016, plaintiff filed a written request for hearing, which was held August 22, 2017, before ALJ Robert F. Campbell. Tr. 33-54, 93-95. Plaintiff appeared and testified, represented by counsel; a vocational expert ("VE") also testified. *Id.* On November 15, 2017, the ALJ issued a decision finding plaintiff not disabled under the Act and denying benefits. Tr. 12-32. On January 16, 2018, plaintiff requested Appeals Council review of the ALJ's decision, which was denied August 6, 2018. Tr. 1, 145. Plaintiff then sought review before this Court.[3]

## FACTUAL BACKGROUND

Plaintiff was born in 1982. Tr. 28. She has an eighth-grade education and has been unsuccessful in trying to obtain a GED. Tr. 40. She has limited past work experience in fast food

---

[2] "AR" citations are to the Administrative Record. (Docket No. 12).
[3] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket No. 6).

service and in childcare. Tr. 178. She suffers from diabetes, neuropathy, hepatitis, bipolar disorder, posttraumatic stress disorder ("PTSD"), back pain, and fibromyalgia. Tr. 285, 414, 455-57, 507, 547. Plaintiff is married and has three children. Tr. 38.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national

economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17. At step two, the ALJ found that plaintiff had these severe impairments: diabetes with neuropathy, hepatitis, bipolar disorder, and PTSD. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. Tr. 18. The ALJ found that plaintiff had the RFC to perform sedentary work, with limitations on sitting and standing, as well as other exertional limitations, and with a limitation to "simple routine work." Tr. 20. At step four, the ALJ found that plaintiff had no past relevant work. Tr. 25. At step five, the ALJ found that plaintiff could successfully adjust to other jobs that exist in significant numbers in the national economy, including charge account clerk, addresser, and election clerk. Tr. 26. The ALJ thus found plaintiff not under a disability since the application date and not entitled to benefits. *Id.*

## ANALYSIS

Plaintiff asserts one error: that the ALJ relied on VE testimony that she could perform jobs that her RFC precludes, specifically, account clerk and election clerk. (Docket No. 13). Plaintiff also argue that as for the job of addresser, there are insufficient number of these jobs nationally. (*Id.*) In her Response Brief, the Commissioner states:

> The Commissioner does not dispute that the record reveals unexplained inconsistencies between the VE testimony and the Dictionary of Occupational Titles. These inconsistencies, however, do not support remand because the Medical-Vocational Guidelines apply and show that Plaintiff is not disabled. Remanding this case for the ALJ to apply the Guidelines to the RFC would serve no purpose since there is no additional development that would change the ultimate nondisability determination. The Court should affirm.

Def. Br., at 2 (Docket No. 15).

**I.      Vocational Expert Testimony**

      **A.      Standard**

A VE's testimony is generally based in part on the *DOT*, and the ALJ has an affirmative duty to determine whether a VE's testimony conflicts with the *DOT*. *Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). "When there is an apparent conflict between the [VE's] testimony and the [*DOT*]—for example, expert testimony that a claimant can perform an occupation involving [*DOT*] requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). "The ALJ must ask the expert to explain the conflict and then determine whether the [VE's] explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination." *Id.* (quotation omitted); *see also* Social Security Ruling ("SSR") 00-4P, *available at* 2000 WL 1898704 (Dec. 4, 2000). "For a difference between [the VE's] testimony and the [*DOT*'s] listings to be fairly characterized as a conflict, it must be obvious or apparent." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

      Additionally, according to the Act,

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he . . . cannot . . . engage in any other kind of substantial gainful work which exists in the national economy. . . . For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A); *id.* § 1382c(a)(3)(B). The burden of establishing that there exists other work in "significant numbers" lies with the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Ninth Circuit has not "set out a bright-line rule for what constitutes a

'significant number' of jobs," but instead looks to other comparison cases as "instructive." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

**B.     Application**

In formulating plaintiff's RFC, the ALJ found that plaintiff was limited to jobs with "simple routine work." Tr. 20. Two of the jobs the VE testified that plaintiff could perform, and which testimony the ALJ accepted, were account clerk and election clerk. The jobs of account clerk and election clerk both require General Educational Development ("GED") reasoning of Level 3 under the *DOT*. The Ninth Circuit has held "that there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). The ALJ erred by not resolving the inconsistency between the "simple routine work" limitation and the more demanding GED Level 3 reasoning.

As for the third job, addresser, the ALJ stated that there were 66,000 positions available nationally. Tr. 26. However, the VE in fact testified that there were only approximately *6,600* positions available nationally. Tr. 52. This was ALJ error. Courts have repeatedly held that occupations for which even more than 6,600 positions are available nationally do not qualify as ones where significant numbers exist. *E.g.*, *Gutierrez v. Comm'r*, 740 F.3d 519, 529 (2014) (holding that 25,000 jobs nationally "presents a close call"); *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017) ("[T]his court has never found a similar number [to 12,600 jobs available] to be significant."); *Pendley v. Colvin*, No. 6:13-cv-01945-JE, 2016 WL 1618156, at *12 (D. Or. Mar. 2, 2016) (holding 7,000 jobs available nationally not significant); *Watkins v. Comm'r*, No. 6:15-cv-01539-MA, 2016 WL 4445467, at *7 (D. Or. Aug. 22, 2016) (holding 11,000 jobs available nationally not significant). The ALJ thus also erred in holding that addresser job

constituted an occupation with significant numbers in the national economy, and thus, it was error to identify this as a potential occupation at step five.

## II.     The Medical-Vocational Guidelines

The Commissioner argues that "while the ALJ may have erred," any error was harmless because plaintiff would still be found disabled under the Medical-Vocational Guidelines.

The Medical-Vocational Guidelines "consist of a matrix of [four factors] . . . and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983). An ALJ may rely on the Guidelines whether a claimant's limitations are exertional or non-exertional. *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). The Guidelines are inapplicable, such that the ALJ must rely on VE testimony, only "[w]hen a claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range of work permitted by the claimant's exertional limitations . . . ." *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988) (quotations omitted). The Guidelines provide approximately 200 occupations, each existing in significant numbers in the national economy, that claimants limited to sedentary and unskilled work can perform. SSR 96-9p, 1996 WL 374185 at *3 (July 2, 1996).

The Commissioner first argues that, taking into account plaintiff's exertional limitations, a claimant with these limitations (including a limitation to sedentary work) is not disabled under the Guidelines. 20 C.F.R. Pt. 404, Subpt. P, App'x 2; SSR 83-10 at *5, 1983 WL 31251 (Jan. 1, 1983). The Commissioner then argues that plaintiff's non-exertional limitations do not render the Guidelines inapplicable. The Ninth Circuit has held that a claimant's "restriction to nonpublic, simple, repetitive work" does not "significantly limit his ability to do unskilled light or sedentary work." *Angulo v. Colvin* , 577 F. App'x 686, 687 (9th Cir. 2014).

The Commissioner's argument fails, however, for two reasons. First, an analysis under the Medical-Vocational Guidelines, and an identification of representative potential occupations thereunder, was not a basis on which the ALJ reached his non-disability determination. It is a basic and fundamental tenet of the law of judicial review of agency action that a court may not affirm an agency decision on a ground the agency did not rely on. *S.E.C. v. Chenery*, 332 U.S. 194, 196 (1947); *Warre v. Comm'r*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006). Thus, the Court may not substitute its judgment and fabricate an argument for affirmance based on the Guidelines when the ALJ did not himself do so.[4]

Second, the Court may not and cannot engage in the sort of fact-finding required to determine whether plaintiff's non-exertional limitations are sufficiently severe as to limit the range of work that would be available considering only the exertional limitations. *See Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). The Court cannot determine whether the severity of the non-exertional limitations renders the Guidelines inapplicable. This sort of analysis—evaluating the severity of the non-exertional limitations, and then considering them in conjunction with the various exertional limitations assessed (sedentary work, with limitations on sitting and standing/walking, and on climbing, balancing, etc., and on reaching, handling, and fingering, Tr. 20)—must happen at the agency level first.

---

[4] Although the ALJ included boilerplate language regarding the Guidelines, *see* Tr. 26, it was not the basis for his nondisability determination. Thus, the *Chenery* doctrine precludes the Court from invoking the Guidelines to make a finding of nondisability. Also, to the extent the ALJ might have relied on the Guidelines, he in fact found that plaintiff's additional limitations "erode the unskilled sedentary occupational base," *id.*, such that the Guidelines could not be used to determine whether plaintiff could perform other occupations, and such that VE testimony was required. Therefore, even if the ALJ's decision were to be read as to have based its conclusion in part on the Guidelines, and thus that the *Chenery* doctrine would not preclude the Commissioner's argument, then that reading of the decision would actually negate the Commissioner's reliance on the Guidelines, because the ALJ would have found them inadequate to determine whether plaintiff was disabled. This would thus provide an additional ground requiring remand for further proceedings.

Thus, the Court cannot determine whether, based on the Medical-Vocational Guidelines, the ALJ's error regarding the VE testimony was harmless.

### III.  Remedy

It lies within the district court's discretion whether to remand for further proceedings or to order an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful.  Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation and italics omitted).  This "credit-as-true" rule has three steps: first, the court "ask[s] whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion"; second, if the ALJ has erred, the court "determine[s] whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful"; and third, if the court "conclude[s] that no outstanding issues remain and further proceedings would not be useful," it may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Treichler*, 775 F.3d at 1100-01 (quotations, citations, and alterations omitted).  The court may then "remand to an ALJ with instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014.  If, "even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the court should remand for further proceedings. *Garrison*, 759 F.3d at 1021.

At the first step in the credit-as-true analysis, the ALJ erred in failing to reconcile VE testimony with the *DOT*. At the second step of the credit-as-true analysis, however, the Court finds that outstanding issues remain, and that further administrative proceedings would be useful, regarding whether plaintiff can perform other occupations at step five of the sequential analysis in light of the RFC and the *DOT*, and regarding potential application of the Guidelines. Immediate award of benefits is not justified, and the Court instead remands for further proceedings.

## CONCLUSION

For these reasons, the Court REVERSES and REMANDS the decision for further administrative proceedings. On remand, the ALJ shall obtain new VE testimony regarding potential occupations, taking into account all of the assessed limitations, exertional and non-exertional, with special attention to GED levels and the numbers of those occupations nationally. Also, if the ALJ chooses to rely on the Medical-Vocational Guidelines, the ALJ must assess the severity of plaintiff's non-exertional limitations, and consider whether the sedentary occupations plaintiff may be capable of performing—after taking into account the various assessed exertional and physical limitations—are viable occupations in light of the non-exertional limitations.

IT IS SO ORDERED.

DATED this 25th day of September, 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge